## Abstract of the Decision.

1. BROKERS, § 37*—*when broker not procuring cause of sale.*
Where, in an action for commissions for the sale of the defend-
ant's farm, there was no contradiction of the purchaser's testimony
that he, when told by the plaintiff that the defendant's farm was
for sale, knew it was for sale and so stated to the plaintiff, and
uncontradicted evidence showed that the plaintiff did nothing
further in connection with the sale, *held* that the plaintiff was not
the efficient or procuring cause of the sale and not entitled to
commissions.

2. EVIDENCE, § 222*—*when evidence inadmissible as hearsay.*
In an action for real estate commissions, testimony of the plaintiff
that the defendant's son stated, out of the presence of the defend-
ant, that the defendant would treat the plaintiff right in the
matter of paying him commission, *held* improperly admitted.

3. TRIAL, § 133*—*when remarks of counsel to jury improper.* In
an action for breach of contract, a remark to the jury by counsel
for the plaintiff that the defendant was a business man, successful
and rich, *held* improper and vicious.

---

## John H. McGlothlin, Appellee, v. Herman Peters, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon.
JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the
October term, 1915. Reversed and remanded. Opinion filed April
21, 1916.

## Statement of the Case.

Action by John H. McGlothlin, plaintiff, against Her-
man Peters, defendant, for assault and battery. From
a judgment for plaintiff, defendant appeals.

The plaintiff claimed that while standing in a gap
in a hedge along a highway, he was struck on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

head by a bottle thrown by the defendant from a passing automobile.

H. H. WILLOUGHBY, for appellant; EDWARD C. KNOTTS, of counsel.

ROBERT H. PATTON, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1236*—*when objection as to lack of evidence may not be raised on appeal.* Where the sole defense to an action for assault and battery was that the defendant did not commit the act alleged to have constituted the assault and battery, *held* that the contention, that a judgment for the plaintiff could not be sustained because there was no evidence of intent to commit the act, could not be raised for the first time on appeal, though the declaration did not allege negligence.

2. ASSAULT AND BATTERY, § 15*—*when malice is question for jury.* In an action for an assault and battery, the question of malice is for the jury.

3. ASSAULT AND BATTERY, § 14*—*when evidence sufficient to show malice.* In an action for assault and battery, malice may be inferred from evidence showing that the act complained of was committed with a wanton, wilful or reckless disregard of the plaintiff's rights.

4. ASSAULT AND BATTERY, § 22*—*when instruction on punitive damages improper.* The mere throwing of an empty bottle from a passing automobile into a hedge along the side of a country highway, where no persons are in view or where the one throwing the bottle might not reasonably expect any person to be, *held* not such an unlawful act as to make it wanton or malicious, or a reckless disregard of a person struck therewith, so as to warrant the giving of an instruction on punitive damages.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.